And we'll next hear argument in Save the Bull Trout v. Williams. Good morning. May it please the court. My name is Rebecca Smith and I represent the appellants Save the Bull Trout, Friends of the Wild Swan, and Alliance for the Wild Rockies. I would like to reserve five minutes of my time for rebuttal. Thank you. Your honors, this case is fundamentally about the plain language of the 1B2, which mandates that recovery plans shall include, quote, objective measurable criteria, which when met would result in a determination in accordance with the provisions of this section that the species be removed from the list. Before we get to the merits, a couple of us on this panel have heard this case before. Yes, you have, your honor. My clerks said to me, I would have loved to have been in the room when the panel was disclosed. But seriously, this is the very same claim that was brought in Oregon, right? No, your honor, it's not. And I would point the court to your memorandum opinion in the Friends of the Wild Swan case, where the court specifically said that this claim was not raised. That's at 745 Federal Appendix at 720, where this court said, quote, nor did they plausibly allege that the recovery criteria, the service employed in the plan were neither objective nor measurable. So this court specifically held that claim was not raised. This is a memo dispo? This is not a published opinion? That's correct, your honor. And you know our rules on that? The rules are, you cannot mention it if it's before 2007, but after 2007, you could mention it, but it's not precedent. For persuasive? Yes. Yes. Or law of the case. Law of the case. And so, your honor, that would probably be where we would fall today. In that memorandum opinion, this court noted that that objective measurable criteria claim was not raised. And then secondarily, that the claim that the 5D listing factors were not addressed, again, quote, this claim appears nowhere in and is not plausibly inferable from Friend's complaint. So your argument is that correct claim preclusion cannot be applied here because the claim is different. Is that right? First, your honor, yes, they are different claims because this court said they weren't raised, but more fundamentally claim or issue preclusion requires a final judgment on the merits. And because the original case was dismissed both without prejudice and for lack of subject matter jurisdiction, that means there is no final decision on the merits. And the Supreme Court has said that those two are opposites, that a final adjudication on the merits is the exact opposite of a dismissal for lack of subject matter jurisdiction. Because any holding that a court would make once it found that it doesn't have subject matter jurisdiction would be meaningless. A court can't make findings on the merits. On the first point, and we can always come back to that, it has to be not only raised, but could have been raised. But going to this final judgment action is the first case in Oregon came down and went up to the Ninth Circuit, correct? Yes, your honor, to the U.S. And then it comes back down to the district court in Oregon, right? And when it comes back down, then you are in the, have this judgment from the Ninth Circuit, and then you ask for leave to amend and you don't do that. And so instead of appealing this 60B motion back up to the Ninth Circuit, you get out of Oregon and you go to Montana. And there's just something that doesn't square with that in terms of your ability to have appealed the 60B motion, but you didn't do that. And I assume it's because given the standard of 60B, you didn't want to be back up in the Ninth Circuit and then back down again. So why, why isn't that a final judgment where we ended up in Oregon, or where you ended up in Oregon? Can I try to rephrase your question, your honor? I'm happy to have you do that because it was a little inartful, but I'm, I'm like following this bouncing ball up to the Ninth Circuit and back and up. And then, and then the ball bounces to Montana, so. Your question is why was the denial of the motion for leave to amend the complaint, not a final judgment on the merits? Right. Okay. Because the original judgment was not disturbed. A Rule 60 motion would reopen judgment. And since that Rule 60 motion was denied, the judgment was never reopened. And the original judgment was a dismissal for lack of subject matter jurisdiction without prejudice. And as to the, the sort of feeling of why did we go to Montana? Because the law allows for that. And because plaintiff's lead counsel is a Montana resident and the original lawyers litigating the cases lived in Portland, and it's really not any more complicated than that. It was based on the convenience to the plaintiffs and their counsel. And there's nothing unlawful about raising it in Montana versus in Oregon. And finally, Your Honor, the reason that we wouldn't, that the plaintiffs did not appeal the Rule 60 decision was because that started to get into feeling like it was sort of tangential and they really just wanted to litigate these two claims. I know, but you'd been there. You've been trying to litigate these claims. Can I, can I ask, can I ask this? As I understand it, you, you, you've mentioned twice now that it was dismissed without prejudice would leave to amend. And, but plaintiffs decided not to amend. They, they decided to appeal. And in order to appeal, you needed a final judgment. So I would agree with you when, when the district court issues its order, dismissing the case would leave to amend, that would not be an appealable final order or judgment. But plaintiffs opted to take that final judgment in order to get appellate review. Why isn't that a final adjudication on the merits of the case at that point? Because there's a distinction, Your Honor, between final judgment and final judgment on the merits. The final judgment was, it was a decision that was dismissed for lack of subject matter jurisdiction. And we were allowed to appeal whether there was in fact subject matter of this underlying case. Doesn't our case law say that a decision like this, even not on the merits, can be a final order for purpose of appellate review. And I'm thinking of the, hope I pronounce it correctly, Mipoyo versus Litton Electrical Optical Systems. Doesn't that case say that? Your Honor, in that case, the district court had actually issued summary judgment. That's at 430 Fed 3rd at 988. This court acknowledged that. So there actually was a final judgment on the merits in that case. The other cases that the service has cited, the Marin case. In that case, the claim was time barred and dismissed with prejudice. That's 769 Fed 2nd at 593. And then finally, the Adams case they cite is not even a res judicata case. That was a case where one complaint was filed while another action was still this court borrowed from the res judicata case law, but didn't actually use that part of the test that requires a final judgment on the merits because it wasn't actually a res judicata case because both cases were still pending. So the service hasn't actually cited to any case where this court has ever held that if it's dismissed without prejudice or if it's dismissed for lack of subject matter jurisdiction, that can still nonetheless be a final judgment on the merits. And I want to go back to Judge McEwen's question from earlier. Because another one of the reasons why the plaintiffs never appealed that Rule 60 decision was because the magistrate gave assurances to plaintiffs that they would be able to file a new complaint. And I want to clarify. I don't. I'd like to have much credence in that one way or the other, because you have a very well-intentioned magistrate judge, but the judgment of whether something is appealable or what you might be able to do in downstream litigation seems to be, to me, one the lawyers have to evaluate. So, I mean, if you're arguing judicial estoppel, I don't think it quite makes it. Your Honor, I would like to point to this court's decision in Ruiz at 824 Fed Third at 1167, where this court held, when interpreting an ambiguous prior judgment, the reviewing court should construe a judgment so as to give effect to the intention of the issuing court. And if we look at the intention of the issuing court here, it says, quote, a denial of the motion will not effectively dismiss plaintiff's claims with prejudice. Here, plaintiffs can replead their first eight claims to survive a motion to dismiss and then be heard on the merits. That's at 2019 Westlaw, 2488715 at page six. And then what happened when he went to Montana? The judge there said, I have jurisdiction over this case. Well, but they said, no dice because, I mean, does not consider what the magistrate judge said as binding, but makes his own decision, right? Her own decision? Her own decision, Your Honor. But can I clarify, were you just reading from the magistrates? But didn't that go to the district court after that? And the district and plaintiffs had asked for the district court to confirm what the magistrate had said and the district court declined to do so. So the magistrate is not the final say, even in the proceedings in Oregon. That was the district court of Oregon who declined to give some sort of effect to those statements. I'm having a hard time seeing how the magistrate's word has some sort of positive effect in here. Well, Your Honor, if the judgment is ambiguous, then you do look at the intention of the issuing court. The only clear intention we have is that magistrate's clear intent that we could file a new complaint. And as you know, the district court judge, it's a little more nuanced because the district court judge said, I'm not going to confirm one way or the other. So in a way, the district court judge himself was ambiguous. So if you have an ambiguous district court judge, but a very clear magistrate judge, then what we would look at for intent would be that clear intent of the magistrate. But in the end, it's a legal question. It's not, you know, if you'd filed your complaint there in Oregon, I don't think that we would be bound jurisdiction-wise on whether or not there was jurisdiction. I mean, an order is an order and whether it's a final order really is a legal question and not one that ultimately the magistrate judge is empowered to make in terms of a binding decision. And do you have any case that involves the magistrate judge and then going up to a district court judge? No, Your Honor. It's just in general, what is the intention of the reading court? But I would say that res judicata was never raised in that motion to amend the complaint. And that's what we're talking about now that the service has raised that as the jurisdictional claim. We're not talking about the grounds that were raised in that Rule 60B motion. Let me ask this. The Oregon proceeding involved the dismissal for lack of subject matter jurisdiction under the ESA's provision, which seems to require a court to look at the merits of the pleadings and whether plaintiffs have alleged a non-discretionary duty. So in essence, it's bound up in both a jurisdictional question and a failure to state a claim question. Why shouldn't we look at that as an adjudication on the merits in this particular context of the dismissal for jurisdiction? Because if we take your view of this, doesn't that mean that you would be able to just continue to refile in district courts in the Ninth Circuit no matter how many times? Because if those actions fail, it'll be based on a lack of subject matter jurisdiction, which means that you'd have license to file it again. No, Your Honor, I don't believe that there would be a cycle of filing and refiling. This is really only the second lawsuit that has been filed, and it was directly filed in response to this court's prior memorandum opinion, which seemed to open the door and leave way for these two specific claims to be raised. And those were the only two claims. I don't mean to suggest that plaintiffs here would abuse the process, but just that the implication of what you're arguing is that if it's a dismissal here for lack of subject matter jurisdiction, a party could then file again, as happened here in Montana instead of Oregon, even if it went all the way up to the Ninth Circuit. How does that square with the type of adjudication that occurred here that said there was inadequate allegations here to state a basis for jurisdiction? Well, Your Honor, it's the same for any argument about subject matter jurisdiction. If there's inadequate allegations about subject matter jurisdiction, the court dismisses and no rulings that it makes are on the merits or could be addressing the merits in any way. And that's just well-established Supreme Court precedent that once you find you don't have jurisdiction, you cannot decide a case on the merits. And that's why there is no final judgment on the merits here, which means that we are taken out of that res judicata grounds. And I would like to reserve five minutes for rebuttal, unless there's any more specific questions on this, I'd like to reserve the rest. Thank you. Also, I didn't want to suggest there was anything improper about going to We love Montana. Thank you, Your Honor. Good morning. May it please the court, Dina Mishra for the government. Plaintiffs try with this appeal to take yet another bite at the apple, seeking to avoid the import of prior rejection of their challenge to this non-binding recovery plan, including by this court. I'll talk more specifically about some of the things that were discussed in the argument by plaintiff's counsel, but this court need not reach any other issue to dispose of this appeal on these preclusion grounds, which is a threshold issue that can deny an audience on the merits without reaching any other questions such as jurisdiction on other respects. With respect to what has been discussed on the preclusion issue, the first thing that we would note is that the contestation of whether the same claim was at issue in the prior litigation is something that's been forfeited. And the reason for that is because the district court expressly acknowledged that the only contestation that went on in the district court was with respect to the final judgment, the merits portion of the preclusion doctrine. So that's at one SER4, and that's something that we highlighted in our brief, that only that one feature was contested, and that's actually something that was not contested either in the briefs before this court on appeal. But moreover, with respect to the question of whether the same question or challenge was before the court before in this court, for example, before in the prior litigation, we'd point the court to paragraph seven of the complaint, for example, in this case, which we think really highlights why these are essentially the same challenge, which is that the challenge is about whether the recovery plan, quote, contains the criteria required by statute. And with respect to that challenge, it is the exact same recovery plan. It is the exact same issue, challenge, claim, whatever the particular feature is for res judicata, but it is also the case that it is not... Specific arguments wouldn't be a reason why preclusion would not attach. Having a difference in those particular arguments that were being advanced, that's not something that would be a distinction as to whether preclusion would attach here. With respect to the denial of the motion for leave to amend, we point the court to the case law that we've cited in our briefs, not just the three cases that were discussed by plaintiff's counsel, but also other cases that we cited, such as Ingrate Ivory, the Brownback Supreme Court decision. I think there's another Supreme Court decision there. And importantly, the many circuits that have ruled that a denial of a motion for leave to amend itself, that final judgment on the merits. I believe that Judge Sanchez was discussing this as well. But counsel, let me follow up with that. Those cases, or at least the Empollio case, did not involve an appeal to the Ninth Circuit. It was just some period of time of delay in the prosecutionary case. And that's why the denial for leave to amend occurred. How do these particular circumstances cut one way or the other in terms of having gotten to the Ninth Circuit and then back down again in the Oregon proceeding? Sure. Well, we would highlight what I think this court has already highlighted, which is that the critical point is that whatever happened before this court at the prior stage, because it went back down and there was subsequently a denial of a motion for leave to amend, which many circuits have treated as being itself that kind of final judgment on the merits that to which preclusion can attach, that settles this issue without even having to get into the question of what specifically came before this court on the prior iteration. I don't know if that answers your question. No, it does. And I think that the point is that the question of what is on the merits and she, you know, I think plaintiff's counsel has acknowledged that the question is really only about what is on the merits, not really about the final judgment question with respect to what is on the merits. I think we have highlighted and explained in our brief why the same jurisdictional issue is the merits issue here. So essentially the determination that is being made based on what their complaint is in this case, what they've been arguing in this case, the nature of their claim or their challenge is the same thing that was presented before and that was adjudicated on the merits of that particular, whether you call it issue or claim, any of the preclusion doctrines under res judicata it would attach. With respect to the discussion of what happened with between the magistrate judge's decision and the district court's judge's decision in the prior iteration of the case, critically we'd point this court to the actual language of the district court's opinion when it discusses the magistrate judge's opinion and it discusses what was requested and that's at 2 SCR 48. And particularly we see that language as being pretty clear in rejecting the notion that the magistrate judge was expressing some finding assurance intention and specifically the order in which it went was that the plaintiffs had asked for it to confirm a finding. The particular, the government had opposed said there hasn't been no finding and the district court expressly said when it was discussing the magistrate judge's opinion that it found that there had been no predetermination. It found there had been no such finding. And in particular, that finding was about whether they could have a new complaint and replete on the merits. And that is something that the district court went out of its way to expressly reject from the magistrate judge's opinion. So we don't think that it would be fair to ascribe to the intention of the, even if there were intention of the magistrate judge, any legal effect to that once the district court decision issues. The district court's decision itself, for example, highlights that the magistrate judge's opinion is not what is binding. It is the district court's opinion to the extent that it may adopt the magistrate judge's opinion. And it did not do so with respect to the language that the plaintiff's counsel has been highlighting. In your view, is the term final judgment the same for whether one can appeal to the court of appeals and also whether there's a final judgment for claim preclusion, are they totally coextensive like an event diagram or are they different? Right. So I'm not sure they're always coextensive, but here I don't think it has to do with respect to the denial of the motion for leave to amend, which was treated as being denied on, for example, rule 60B grounds, there would be in typically in that context, there are, there are sometimes appeals that lie to it, but I don't think that this court needs to actually settle that question. It could look to the, to the case law if it felt that it needed to get into it, but we don't think that that actually changes anything here because there ultimately was something that was a final determination on the merits of whether that, that claim would be allowed to proceed. If we agreed, if we agreed with you on claim preclusion, would we need to send it back to the district court, at least vis-a-vis Bultrout or save the Bultrout? No, Your Honor. And there's a few reasons for that. The first is that Privdee was not contested. That's also something that was expressly at, I forget exactly the page. I think it's 2SER 48 was the particular page in the supplemental excerpts of what issues were, in this case, where it's discussing which issues were actually contested, Privdee was not contested. So we don't think this court even has to get into any questions of Privdee of any new, potentially new party. But even with respect to save the Bultrout, we'd also just highlight for this court that save the Bultrout, there was no declaration supporting standing in support of save the Bultrout here. So we don't think that jurisdiction would lie with respect to the claims just of save the Bultrout. And so we don't think... But you do have such declarations from other parties that so long as you have the one party withstanding, you've got, the court has jurisdiction. So if there were no, if that were the objection, I would think that save the Bultrout would have an opportunity to submit such a declaration. So I would think the opportunity for save the Bultrout to submit that declaration, to be clear, would have been the district court in this case. I understand, not here. Right. But I also don't think that there's any reason to give it another opportunity in this case. I mean, every new opportunity has seemed to result in using more of this court's time, but more specifically with respect to standing, if there is a particular party that does not have standing and they're just appended to a case in which the others are precluded, that does not seem to be the type of allow there to be further proceeding simply because they were put into the same case, if there is a defect with respect to the claim brought by the only party that was not itself in the prior case and privity here, as I said, has not been contested, then I don't think that this is the right type of case for this court to try to give that additional opportunity. Following up on that, it's conceptually, at least for me, easy to understand. If Save the Bultrout were not involved in this litigation, but the two groups that brought the action in Oregon, it's easy to grab onto the notion that that probably was a final judgment because the plaintiffs, the two party plaintiffs in the Oregon action, both made strategic decisions not to amend in the first instance and then not to appeal when the case came back from the Ninth Circuit. How do we spread that over to Save the Bultrout? I guess what I would say is that... Or is it possible to spread it over to Save the Bultrout? Right, so I think it's privity which has not been contested, so I think that it follows naturally it wouldn't really come up for this court that it needs to get into that question, but if it were to get into that question, I think the point would be that Save the Bultrout, if it were proceeding in a different case, that might be a different situation, but here Save the Bultrout is coming in the same case in which the others who are clearly precluded are coming and it has not supplied any declaration supporting its own standing to bring the particular claim in the first instance, so it's not really clear why there should be any additional opportunity, at least in this case, with respect to Save the Bultrout as an additional party. I'd be happy to answer any other questions the court might have on any other issues, but if not, we'll rest. Thank you for your argument. Thank you so much. Thank you, Your Honors. I'd like to just start by reading the exact language from the district court judge's decision regarding that Rule 60 motion for leave to amend. We've been sort of assuming in general that the judge said that somehow in that language the judge actually said that the plaintiffs could not even file a new amended complaint, and that when I just went back and re-read that language, that's not exactly what he said. So first at SER 48, he said, quote, plaintiffs then request that I confirm the magistrate judge's finding that plaintiffs may replead their claims in a new complaint and be heard on the merits. So two separate things, replead in a complaint and then be heard on the merits. What the judge said was, quote, I also find that Judge Acosta's findings and recommendations made no predetermination of plaintiffs' ability to be heard on the merits if they choose to file a new complaint. That sentence sounds like he is saying he has accepted as true that the plaintiffs can file a new complaint, but that they might not be able to be heard on the merits, potentially because of jurisdictional issues. As a general proposition, if a party seeking to sue under the EPA, they have to establish that they meet the requirements of the statute, right? I think I need a little more specificity for that question, Your Honor. Doesn't a party have to show that they have standing, they have a merits, at least colorably based on the complaint, a merits-based claim and that they fit within the EPA's allowance of this kind of action by private parties, correct? Yes, Your Honor, with the caveat that this claim is not under the EPA, it's under the Endangered Species Act. Otherwise, yes. I understand. But if a district court determines that a complaint attempting to do what you and I together have just described, isn't that a determination on the merits? No, Your Honor, because the Supreme Court has said that once a court finds that it does not have subject matter jurisdiction, it cannot rule on the merits. And so those are two different things. But isn't final? It would be a final judgment, but not a final judgment on the merits. That would be the distinction. And final judgment, you know, that's really a term that we use from, for example, the Federal Rules of Appellate Procedure when we're talking about whether and when you can find, file an appeal. And so I think there's been a little bit of conflation there using that term final judgment from the Federal Rules of Appellate Procedure and that other term from the residue to CAUDA test, final judgment on the merits. They're not interchangeable. And that's why I asked the government that question, because there is some distinction. But on the other hand, at the end, the second round of the Oregon litigation could have been appealed to this court, correct? The Rule 60 decision, Your Honor? Yes. And it would have been abuse of discretion as to whether we had met the Rule 60 test, which would really not have said anything about the merits of this case. And that is why plaintiffs went ahead and just filed a new complaint, because that seemed to be allowed by that decision. And it didn't seem like they were going to get anything extra out of appealing that Rule 60 decision, which was an abuse of discretion standard and would really just then force the District of Oregon, which clearly did not want to hear the case again, to hear that case again. But as a practical matter, it sounds like your position then is, even if you had appealed the Rule 60 denial and gotten an adverse judgment for the Ninth Circuit, that would not bar you from refiling with these same parties all over again in the District of Montana, because a dismissal for lack of subject matter jurisdiction is never preclusive. Exactly, Your Honor, because even if we had gotten an adverse, if we had appealed the Rule 60, gotten an adverse decision, that decision would only say that we didn't meet the Rule 60 requirements. That decision would not say anything about res judicata or whether plaintiffs could file a new complaint in a different court. And so they still would have been able to file a new complaint. It would have said something, though, about whether there was a final judgment there, correct? No, Your Honor. The Rule 60 decision does not say anything about final judgment on the merits. And because it encompassed the leave to amend. The Rule 60 decision is basically whether or not to reopen the final judgment that already exists. In order to plead additional claims. Yes. All right. Yes. And finally, Your Honor, if the court does find that res judicata applies in this case, we would ask that you vacate the district court's opinion, which is addressing issues under the Endangered Species Act and changing the writing out entire phrases of the statute, refusing to find that the objective measurable criteria must address the delisting factors. You know, the only cases on that issue have all said that they do. And they've been in play for 25 years. And so this district court decision is really an outlier on that issue. And I see my time is up. I have one last question. I realize your time is up, but were we to determine that with respect to how this lawsuit came about, that there was claim preclusion, would that prevent some other party not in privity with these parties from filing under your same theories? No, Your Honor. Thank you. Thank you. Case just argued, Save the Bull Trout v. Williams is submitted. We do thank you for the very extensive and helpful briefing and the arguments as well. And with that, we're adjourned this morning.
judges: HAWKINS, McKEOWN, SANCHEZ